## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA JACKSON and MARTA MEDA, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 23-cv-12208 |
| ) | |
| NEW ENGLAND BIOLABS, INC.; ) | |
| PERSONAL REPRESENTATIVE OF ) | |
| DONALD COMB; JAMES V. ELLARD; ) | |
| RICHARD IRELAND; COMMITTEE OF ) | |
| NEW ENGLAND BIOLABS, INC. ) | |
| EMPLOYEES' STOCK OWNERSHIP ) | |
| PLAN; ) | |
| ) | |
| *Defendants,* ) | |
| ) | |
| *and* ) | |
| ) | |
| NEW ENGLAND BIOLABS, INC. NON- ) | |
| VOTING STOCK OWNERSHIP PLAN ) | |
| ) | |
| *Nominal Defendant* ) | |
| ) | |
| ) | |

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants New England Biolabs, Inc.; Personal Representative of Donald Comb; James V. Ellard; Richard Ireland; and the Committee of New England Biolabs, Inc. Employees' Stock Ownership Plan (collectively, the "Defendants"), hereby answer the Amended Complaint of Plaintiffs Melissa Jackson and Marta Meda.

## INTRODUCTION[1]

1.      Defendants admit that Plaintiffs purport to bring this action under the Employee

Retirement Income Security Act of 1974 ("ERISA") on behalf of themselves and others similarly

situated.  Further, Defendants admit that New England Biolabs, Inc. Employees' Stock

Ownership Plan & Trust (the "Plan") was renamed the New England Biolabs, Inc. Non-Voting

Stock Ownership Plan in 2021. The second sentence of Paragraph 1 contains legal conclusions to

which no response is required or appropriate.  To the extent a response is required, Defendants

deny the legal conclusions and allegations in Paragraph 1, and specifically deny that Plaintiffs

are entitled to any relief whatsoever from Defendants.

2.      The first sentence of Paragraph 2 contains legal conclusions to which no response

is required or appropriate.  To the extent a response is required, Defendants deny the legal

conclusions and allegations in the first sentence of Paragraph 2.  Defendants admit the second

and third sentences of Paragraph 2, aside from the characterization that such stock was "central

to the compensation for NEB employees," which Defendants deny.  Defendants lack knowledge

or information sufficient to form a belief as to the truth of the fourth sentence of Paragraph 2,

and therefore deny the same.

3.      Paragraph 3 consists of characterizations of this lawsuit and the Plan Document,

and legal conclusions to which no response is required or appropriate.  To the extent any further

response is required, Defendants deny the allegations of Paragraph 3.

---

[1] For ease of reference, this Answer uses the headings and subheadings that Plaintiffs included in their Amended Complaint.  The use of such headings is not an admission by Defendants of the truth of any allegations contained in the headings or subheadings.  Defendants deny any suggestions implied by the headings and subheadings.

4.      The allegations in Paragraph 4 purport to characterize the Plan Document, which speaks for itself, or draw legal conclusions to which no response is required or appropriate. To the extent the allegations in Paragraph 4 are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the Plan Document, Defendants deny those allegations. To the extent any further response is required, Defendants deny all remaining allegations in Paragraph 4.

5.      Paragraph 5 is a declarative statement of the relief sought by Plaintiffs. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## PARTIES

**Plaintiffs**

6.      Defendants admit the first five sentences of Paragraph 6, except that they are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegation in the fifth sentence concerning Ms. Jackson's alleged motive or purpose in advising that she would be retiring later in 2019, and therefore deny the same. Defendants admit that Jackson became a participant in the Plan by April 1996. Defendants deny the seventh and eighth sentences of Paragraph 6. Defendants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the last sentence in Paragraph 6, and therefore deny the same.

7.      Defendants admit the first six sentences of Paragraph 7. Defendants deny the seventh and eighth sentences of Paragraph 7. Defendants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the last sentence in Paragraph 7, and therefore deny the same.

**Defendants**

8.      Defendants admit that New England Biolabs, Inc. ("NEB") is a Massachusetts corporation, that its principal place of business is in Ipswich, Massachusetts, and that it is the Sponsor of the Plan.  The remaining allegations in Paragraph 8 purport to recite or characterize the Plan Document, which speaks for itself, or draw legal conclusions to which no response is required or appropriate.  To the extent the allegations in Paragraph 8 are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the Plan Document, Defendants deny those allegations.  To the extent any further response is required, Defendants deny all remaining allegations in Paragraph 8.

9.      Defendants admit that at all relevant times, the Committee of New England Biolabs, Inc. Employees' Stock Ownership Plan (the "Committee") has consisted of Donald Comb (until his death in 2020) ("Comb"), Richard Ireland ("Ireland"), and James V. Ellard ("Ellard").  The remaining allegations in Paragraph 9 purport to recite or characterize the Plan Document and the SPD, which speak for themselves, or draw legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants admit that the Plan Committee and its members were fiduciaries of the Plan only to the extent that they performed one or more of the functions set forth in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and deny the remaining allegations in Paragraph 9.

10.     Defendants admit the first and second sentences of Paragraph 10.  Defendants admit that Comb was Founder and CEO of NEB prior to his death in 2020.  The fourth sentence of Paragraph 10 draws legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants admit that Comb was a fiduciary of the Plan only to the

extent that he performed one or more of the functions set forth in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and deny the remaining allegations in the third sentence of Paragraph 10.

11.     Defendants admit the first four sentences of Paragraph 11 and the last sentence of Paragraph 11.  The fifth sentence of Paragraph 11 draws legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants admit that Ellard was a fiduciary of the Plan only to the extent that he performed one or more of the functions set forth in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and deny the remaining allegations in Paragraph 11.

12.     Defendants admit the first three sentences of Paragraph 12 and the last sentence of Paragraph 12.  The fourth sentence of Paragraph 12 draws legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants admit that Ireland was a fiduciary of the Plan only to the extent that he performed one or more of the functions set forth in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and deny the remaining allegations in Paragraph 12.

13.     Defendants admit that Comb (until his death in 2020), Ireland, and Ellard have served as Plan Trustees from 2003 to 2021.  The remaining allegations in Paragraph 13 purport to recite or characterize the Plan Document and the SPD, which speak for themselves, or draw legal conclusions to which no response is required or appropriate.  To the extent any further response is required, Defendants admit that the Trustees are fiduciaries of the Plan only to the extent that they performed one or more of the functions set forth in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and deny the remaining allegations in Paragraph 13.

**Nominal Defendant**

14.     Defendants admit the last sentence of Paragraph 14.  Defendants admit that the Plan changed its legal name to Nominal Defendant New England Biolabs, Inc. Non-Voting Stock Ownership Plan in 2021.  Answering further, Defendants admit that the Plan is an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and that the Plan is a defined contribution plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34).  The remaining allegations in Paragraph 14 purport to recite or characterize the Plan Document and the Form 5500, which speak for themselves, or draw legal conclusions to which no response is required or appropriate.  To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 14.

## JURISDICTION & VENUE

15.     Paragraph 15 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent that a response is required, Defendants admit this Court has subject matter jurisdiction, and deny the remaining allegations in Paragraph 15.

16.     Paragraph 16 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent that a response is required, Defendants admit that the Court has personal jurisdiction over them, and deny the remaining allegations in Paragraph 16.

17.     Paragraph 17 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent that a response is required, Defendants admit venue is proper in this District, and deny the remaining allegations in Paragraph 17.

## CLASS ACTION ALLEGATIONS

18.    Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and others allegedly similarly situated as described in Paragraph 18.  To the extent Plaintiffs seek to represent a class from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  Defendants deny the remaining allegations in Paragraph 18 and deny that certification of any class is proper under Rule 23.

19.    Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and others allegedly similarly situated as described in Paragraph 19.  Defendants deny the remaining allegations in Paragraph 19 and deny that certification of any class is proper under Rule 23.

20.    Defendants admit that Plaintiffs purport to bring this case on behalf of a class as defined in the Amended Complaint and that Paragraph 20 seeks to exclude certain persons from the class definitions.  The remaining allegations in Paragraph 20 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations in Paragraph 20.

**Impracticability of Joinder**

21.    Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 21 and deny that certification of any class is proper under Rule 23.

**Commonality**

22.    Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 22 and deny that certification of any class is proper under Rule 23.

**Typicality**

23.    Paragraph 23 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 23 and deny that certification of any class is proper under Rule 23.

24.    Paragraph 24 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 24 and deny that certification of any class is proper under Rule 23.

**Adequacy**

25.    Paragraph 25 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 25 and deny that certification of any class is proper under Rule 23.

26.    Paragraph 26 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 26 and deny that certification of any class is proper under Rule 23.

27.    Paragraph 27 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 27 and deny that certification of any class is proper under Rule 23.

28.    Paragraph 28 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants

deny the allegations of Paragraph 28 and deny that certification of any class is proper under Rule 23.

**Rule 23(b)(1)**

 29. Paragraph 29 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations of Paragraph 29 and deny that certification of any class is proper under Rule 23.

 30. Paragraph 30 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations of Paragraph 30 and deny that certification of any class is proper under Rule 23.

**Rule 23(b)(2)**

 31. Paragraph 31 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations of Paragraph 31 and deny that certification of any class is proper under Rule 23.

**Rule 23(b)(3)**

 32. Paragraph 32 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations of Paragraph 32 and deny that certification of any class is proper under Rule 23.

 33. Paragraph 33 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants

deny the allegations of Paragraph 33 and deny that certification of any class is proper under Rule 23.

34.     Paragraph 34 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants deny the allegations of Paragraph 34 and deny that certification of any class is proper under Rule 23.

## FACTUAL ALLEGATIONS

35.     Defendants admit Paragraph 35.

**Background Regarding the Plan**

36.     Paragraph 36 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in Paragraph 36 are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the Plan Document, Defendants deny those allegations.  To the extent any further response is required, Defendants admit Paragraph 36.

37.     Paragraph 37 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in Paragraph 37 are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the Plan Document, Defendants deny those allegations.  To the extent any further response is required, Defendants deny the allegations in Paragraph 37.

38.     Paragraph 38 purports to recite or characterize an email from Brian Tinger dated December 3, 2019, which speaks for itself.  Defendants admit that Tinger emailed copies of the SPDs cited in Paragraph 38 to Plaintiffs' counsel on December 3, 2019 and deny the remainder of this paragraph.

39.    Defendants admit that Paragraph 39 accurately quotes the 2003 and 2019 SPDs.

40.    Paragraph 40 purports to recite or characterize unspecified Form 5500s filed by NEB, which speak for themselves.  To the extent the allegations in this sentence are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny those allegations.

**Relevant Provisions of the 2013 Plan Document Before the 2019 Amendment**

41.    Paragraph 41 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

42.    Paragraph 42 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

43.    Defendants admit that the first sentence of Paragraph 43 contains an accurate quote from Section 2.15 of the Plan Document.  Paragraph 43 otherwise purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the Plan Document, Defendants deny the allegations.

44.    Defendants admit that the first sentence of Paragraph 44 contains an accurate quote from Section 2.15 of the Plan Document.  Paragraph 44 otherwise purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this

paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the Plan Document, Defendants deny the allegations.

45.    The allegations in Paragraph 45 purport to recite or characterize the SPDs, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the SPDs, Defendants deny the allegations.

46.    Paragraph 46 purports to recite or characterize the Plan Document, which speaks for itself, or draw legal conclusions to which no response is required or appropriate.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the Plan Document, Defendants deny the allegations.  Defendants deny the remaining allegations in Paragraph 46.

47.    The allegations in Paragraph 47 purport to recite or characterize the SPDs, which speak for themselves.  Defendants admit that Paragraph 47 contains accurate quotes from the SPDs, except that none of the original text was in italics.

48.    Paragraph 48 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

49.    Paragraph 49 purports to recite or characterize the Plan Document, which speaks for itself.  Defendants admit that Paragraph 49 contains accurate quotes from the Plan Document. To the extent the allegations in this paragraph are otherwise inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

50.    Paragraph 50 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

51.    Paragraph 51 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

52.    Paragraph 52 purports to recite or characterize the Plan Document, which speaks for itself.  Defendants admit that Paragraph 52 contains an accurate quote from the Plan Document as of 2013.  To the extent the allegations in this paragraph are otherwise inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

**NEB Amends the Plan as of August 1, 2019**

53.    Paragraph 53 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

**Relevant Portions of the 2019 Amendment**

54.    Paragraph 54 purports to recite or characterize the Plan Document, which speaks for itself.  Defendants admit that Paragraph 54 contains an accurate quote from Section 6.9 of the Plan Document.  To the extent the allegations in this paragraph are otherwise inconsistent with,

mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

55.    Paragraph 55 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent a response is required, Defendants admit the allegations in Paragraph 55.

56.    The allegations in Paragraph 56 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

**The Purpose and Effect of the 2019 Amendment**

57.    The allegations in Paragraph 57 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

58.    Defendants admit that the 2019 Amendment was adopted before September 30, 2019.  Defendants deny the remaining allegations of Paragraph 58.

59.    The allegations in Paragraph 59 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

60.    The allegations in Paragraph 60 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

61.    The allegations in Paragraph 61 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

**NEB Liquidates the Employer Stock Accounts of Former Employees**

62.    Paragraph 62 purports to recite or characterize the 2018 Form 5500 filed by NEB, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

63.     The first sentence of Paragraph 63 purports to recite or characterize the 2018 Form 5500 filed by NEB, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.  Defendants further deny the characterization that the shares of NEB stock were "liquidated and distributed."  Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants deny the allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

**Investments and Assets in the Plan**

70.     Paragraph 70 purports to recite or characterize the 2018 and 2019 Forms 5500 filed by NEB, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

71.     Defendants admit the allegations of Paragraph 71.

72.     Paragraph 72 purports to characterize and make assumptions about statements in the 2018 and 2019 Forms 5500 filed by NEB, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations. Defendants deny the remaining allegations in Paragraph 72.

73.    Paragraph 73 purports to characterize and make assumptions about statements in the 2018 and 2019 Forms 5500 filed by NEB, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations. Defendants deny the remaining allegations in Paragraph 73.

74.    Defendants deny the allegations in Paragraph 74.

75.    Defendants deny the allegations in Paragraph 75.

**Defendants' Belatedly Notify Participants About the 2019 Amendment**

76.    Paragraph 76 purports to recite or characterize a letter dated August 6, 2019, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that letter, Defendants deny these allegations.  To the extent further response is required, Defendants admit that Paragraph 76 accurately quotes from the August 6, 2019 letter.

77.    Paragraph 77 purports to recite or characterize an email dated August 6, 2019, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that email, Defendants deny these allegations.  To the extent further response is required, Defendants admit that Paragraph 77 accurately quotes from the August 6, 2019 email.

78.    Defendants lack knowledge or information sufficient to form a belief as to the date at which Plaintiffs and other members of the purported Class or Subclass became aware of the 2019 Amendment, and therefore denies the same.

79.    Paragraph 79 purports to recite or characterize an email dated August 8, 2019, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with,

mischaracterize, incompletely summarize, or take out of context the contents of that email, Defendants deny these allegations.  To the extent further response is required, Defendants admit that Paragraph 79 accurately quotes from the August 8, 2019 email.

**Defendants' Statements About the Value of Plaintiffs' Accounts in the Plan**

80.    Defendants admit that NEB, as Plan Administrator, issued benefit statements to Jackson as of September 30, 2018.  The remainder of Paragraph 80 purports to recite or characterize the account statements issued by NEB to Jackson, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

81.    The allegations in Paragraph 81 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

82.    Defendants admit that NEB, as Plan Administrator, issued benefit statements to Meda as of September 30, 2018.  The remainder of Paragraph 82 purports to recite or characterize the account statements issued by NEB to Meda, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

83.    Defendants deny the first sentence of Paragraph 83.  The remaining allegations in Paragraph 83 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

84.    Paragraph 84 purports to recite or characterize the 2018 Form 5500 filed by NEB, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with,

mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

85.    The allegations in Paragraph 85 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

86.    The allegations in Paragraph 86 relate to claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

**The Valuation of NEB Stock Held by the Plan**

87.    The allegations in Paragraph 87 are legal conclusions regarding fiduciary duties required under ERISA to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 87.

88.    Paragraph 88 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 88.

89.    Paragraph 89 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 89.

90.    Paragraph 90 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 90.

91.     Paragraph 91 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 91.

92.     Paragraph 92 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 92.

93.     Paragraph 93 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 93.

94.     Paragraph 94 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 94.

95.     The first and last sentences of Paragraph 95 contain legal conclusions regarding fiduciary duties required under ERISA to which no response is required or appropriate.  To the extent additional response is required, Defendants deny these allegations.  As to the second sentence of Paragraph 95, Defendants deny that the Plan Document contains a Section 6.14.  The third sentence of Paragraph 95 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are

inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny these allegations.

96.     Paragraph 96 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 96.

97.     Paragraph 97 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 97.

98.     Paragraph 98 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 98.

99.     The first sentence of Paragraph 99 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in the first sentence of this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 99.  Defendants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 99, and therefore deny the same.

100.     Paragraph 100 contains legal conclusions regarding fiduciary duties required under ERISA to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations of Paragraph 100.

101.     Defendants admit that the Trustees relied on the BRG valuation reports to determine the value of NEB stock for distribution purposes, but otherwise deny the remaining allegations of Paragraph 101.

102.     Defendants deny the first sentence of Paragraph 102.  The remaining allegations in Paragraph 102 purport to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the remaining allegations in Paragraph 102.

103.     Defendants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations in the first sentence of Paragraph 103, and therefore deny the same.  The remaining allegations in Paragraph 103 purport to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the remaining allegations in Paragraph 103.

104.     Defendants deny the first sentence of Paragraph 104.  The remaining allegations in Paragraph 104 are general statements that are not directed at Defendants and therefore no response is required.  To the extent additional response is required, Defendants deny the remaining allegations in Paragraph 104.

105.    The allegations in Paragraph 105 are general statements to which no response is required.  To the extent additional response is required, Defendants admit the allegations of Paragraph 105.

106.    The allegations in Paragraph 106 are general statements that are not directed at Defendants and therefore no response is required.  To the extent additional response is required, Defendants admit that the cited IRS reference manual exists, though it states: "This Job Aid is not Official IRS position and was prepared for reference purposes only; it may not be used or cited as authority for setting any legal position."  Defendants admit that Paragraph 106 contains accurate quotes from the cited reference manual.  Defendants deny the remaining allegations in Paragraph 106.

107.    The allegations in Paragraph 107 are general statements that are not directed at Defendants and therefore no response is required.  To the extent additional response is required, Paragraph 107 purports to recite or characterize statements from the Shannon Pratt, *Business Valuation: Discounts and Premiums* (2d Ed. 2009) treatise, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that treatise, Defendants deny these allegations. Defendants deny the last sentence in Paragraph 107.

108.    The allegations in Paragraph 108 are general statements that are not directed at Defendants and therefore no response is required.  To the extent additional response is required, Defendants admit that Paragraph 108 contains an accurate quote with emphasis added by Plaintiffs from the Shannon Pratt, *Valuing a Business: The Analysis and Appraisal of Closely Held Companies* (2008 5th Ed.) treatise.  Defendants deny the remaining allegations in Paragraph 108.

109.    Defendants admit that Paragraph 109 contains an accurate quote from Section 9.1(a) of the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the Plan Document, Defendants deny the allegations.

110.    Defendants deny the allegations of Paragraph 110.

111.    Paragraph 111 purports to recite or characterize the 2016, 2017, 2018, and 2019 Forms 5500 filed by NEB, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

112.    Defendants deny the allegations of Paragraph 112.

113.    The allegations in Paragraph 113 purport to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny the allegations in Paragraph 113.

114.    The first sentence of Paragraph 114 purports to recite or characterize deposition testimony from the *Miller* action, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that testimony, Defendants deny these allegations.  Defendants deny the remaining allegations in Paragraph 114.

115.    Defendants deny the allegations of Paragraph 115.

116.    The first sentence of Paragraph 116 purports to recite or characterize statements from the Shannon Pratt, *Valuing a Business: The Analysis and Appraisal of Closely Held Companies* (2022 6th Ed.) treatise.  To the extent the allegations in this paragraph are

inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that treatise, Defendants deny these allegations.  Answering further, to the extent Paragraph 116 asserts claims from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants. Defendants deny the remaining allegations in Paragraph 116.

**The Reported Value of NEB Stock Held by the Plan after September 2019**

117.    Paragraph 117 purports to recite or characterize the 2017 Form 5500 filed by NEB, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

118.    Paragraph 118 purports to recite or characterize the 2018 Form 5500 filed by NEB, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

119.    Paragraph 119 purports to recite or characterize the 2019 Form 5500 filed by NEB, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

120.    Paragraph 120 purports to recite or characterize the 2020 Form 5500 filed by NEB, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of those documents, Defendants deny these allegations.

121.    The allegations in Paragraph 121 relate to the claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

122.    The allegations in Paragraph 122 relate to the claims that were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

123.    The claims in Paragraph 123 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

124.    The claims in Paragraph 124 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

125.    The claims in Paragraph 125 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

126.    The claims in Paragraph 126 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

127.    The claims in Paragraph 127 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

**COUNT I**

**Engaging in Prohibited Transaction Forbidden by ERISA § 406(a),
29 U.S.C. §§ 1106(a), Against the Trustee Defendants and NEB on behalf of the Class**

128.    Defendants hereby incorporate by reference the answers to all previous paragraphs of this Answer as if fully set forth herein.

129.    Paragraph 129 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

130.    The first sentence of Paragraph 130 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.  The remaining allegations in Paragraph 130 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the remaining allegations in Paragraph 130.

131.    Defendants admit the first sentence of Paragraph 131.  Defendants deny the second sentence of Paragraph 131.

132.    Paragraph 132 purports to characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

133.    To the extent Paragraph 133 asserts claims from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  Defendants deny the remaining allegations in Paragraph 133.

134.    To the extent Paragraph 134 asserts claims from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  Defendants deny the remaining allegations in Paragraph 134.

135.    To the extent Paragraph 135 asserts claims from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  Defendants deny the remaining allegations in Paragraph 135.

136.    Defendants deny the allegations of Paragraph 136.

137.    Defendants deny the allegations of Paragraph 137.

138.    The claims in Paragraph 138 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

139.    Paragraph 139 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

140.    Paragraph 140 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

141.    Defendants deny the allegations of Paragraph 141.

142.    The allegations in Paragraph 142 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

## COUNT II

**Engaging in Prohibited Transaction Forbidden by ERISA § 406(b),
29 U.S.C. §§ 1106(b), Against NEB on behalf of the Class**

144.    Defendants hereby incorporate by reference the answers to all previous paragraphs of this Answer as if fully set forth herein.

145.    Paragraph 145 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

146.    Defendants admit the allegations in Paragraph 146.

147.    Defendants admit the first sentence of Paragraph 147.  Defendants deny the second sentence of Paragraph 147.

148.    Paragraph 148 purports to characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

149.    To the extent Paragraph 149 asserts claims from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  Defendants deny the remaining allegations in Paragraph 149.

150.    To the extent Paragraph 150 asserts claims from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  Defendants deny the remaining allegations in Paragraph 150.

151.    To the extent Paragraph 151 asserts claims from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  Defendants deny the remaining allegations in Paragraph 151.

152.    Defendants deny the allegations of Paragraph 152.

153.    To the extent Paragraph 153 asserts claims from events arising in 2017 and 2018, those claims were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  Defendants deny the remaining allegations in Paragraph 153.

154.    Defendants deny the allegations of Paragraph 154.

155.    Defendants deny the allegations of Paragraph 155.

156.    Paragraph 156 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

157.    Paragraph 157 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

158.    Defendants deny the allegations of Paragraph 158.

159.    Defendants deny the allegations of Paragraph 159.

160.    Defendants deny the allegations of Paragraph 160.

## COUNT III

### Breach of Fiduciary Duty Under ERISA §§ 404(a)(1)(A), (B) & (D), 29 U.S.C. §§ 1104(a)(1)(A), (B) & (D) Against the Trustee Defendants and Committee Defendants on Behalf of the Class

161.    Defendants hereby incorporate by reference the answers to all previous paragraphs of this Answer as if fully set forth herein.

162.    Paragraph 162 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

163.    Paragraph 163 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

164.    Paragraph 164 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

165.    The allegations in Paragraph 165 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations of Paragraph 166.

167.    Defendants deny the allegations of Paragraph 167.

168.    Defendants deny the allegations of Paragraph 168.

169.    Paragraph 169 purports to recite or characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

170.    The claims in Paragraph 170 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

171.    The claims in Paragraph 171 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

172.    The claims in Paragraph 172 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

173.    The claims in Paragraph 173 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

174.    The claims in Paragraph 174 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

175.    The claims in Paragraph 175 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

176.    The allegations in Paragraph 176 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 177.

178.    The claims in Paragraph 178 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

### COUNT IV

**Invalidation of the 2019 Amendment, Enforcement of the Terms of the Plan, and Other Relief Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), against NEB on behalf of the Subclass**

179.    Defendants hereby incorporate by reference the answers to all previous paragraphs of this Answer as if fully set forth herein.

180.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

181.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

182.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

183.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

184.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

185.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

186.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

187.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

188.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

189.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

190.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

191.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

192.    Count IV was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

**COUNT V**

**Violation of the Anti-Cutback Provision of ERISA § 204(g), 29 U.S.C. § 1054(g) against Defendant NEB on behalf of the Subclass**

193.     Defendants hereby incorporate by reference the answers to all previous paragraphs of this Answer as if fully set forth herein.

194.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

195.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

196.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

197.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

198.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

199.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

200.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

201.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

202.     Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

203.    Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

204.    Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

205.    Count V was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

**COUNT VI**

**Breach of Fiduciary Duty Under ERISA §§ 404(a)(1)(A), (B) & (D), 29 U.S.C. §§ 1104(a)(1)(A), (B) & (D) Against the Trustee Defendants & the Committee Defendants on Behalf of the Subclass In Implementing the 2019 Amendment**

206.    Defendants hereby incorporate by reference the answers to all previous paragraphs of this Answer as if fully set forth herein.

207.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

208.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

209.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

210.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

211.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

212.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

213.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

214.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

215.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

216.    Count VI was dismissed by Order of the Court on April 3, 2024 (Dkt. 56), is now moot, and is denied by Defendants.

**COUNT VII**

**Breach of Fiduciary Duty Under ERISA §§ 404(a)(1)(A), (B) & (D),
29 U.S.C. §§ 1104(a)(1)(A), (B) & (D) Against NEB on Behalf of the Class for Failure to
Monitor the Trustees & the Committee Defendants**

217.    Defendants hereby incorporate by reference the answers to all previous paragraphs of this Answer as if fully set forth herein.

218.    Paragraph 218 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

219.    Paragraph 219 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

220.    Paragraph 220 purports to characterize the Plan Document, which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize,

incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

221.    The allegations in the first sentence of Paragraph 221 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in the first sentence of Paragraph 221.  The remaining allegations in Paragraph 221 purport to characterize the Plan Document, which speaks for itself. To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of that document, Defendants deny these allegations.

222.    Defendants deny the first sentence of Paragraph 222.  The allegations in the second sentence of Paragraph 222 purport to characterize testimony from the *Miller* action.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of Ellard's testimony, Defendants deny these allegations.  The allegations in the last sentence of Paragraph 222 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in the last sentence of Paragraph 222.

223.    The allegations in Paragraph 223 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

224.    Defendants deny the allegations in Paragraph 224.

225.    The allegations in Paragraph 225 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 225.

## COUNT VIII

**Co-Fiduciary Liability Pursuant to ERISA § 405, 29 U.S.C. § 1105
Against Ellard, Ireland, Comb, and NEB on behalf of the Class and the Subclass**

226.    Defendants hereby incorporate by reference the answers to all previous paragraphs of this Answer as if fully set forth herein.

227.    Paragraph 227 purports to recite or characterize ERISA's provisions, which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with, mischaracterize, incompletely summarize, or take out of context the contents of the statute, Defendants deny these allegations.

228.    The allegations in Paragraph 228 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 228.

229.    The allegations in Paragraph 229 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.

230.    The allegations in Paragraph 230 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 230.

231.    The allegations in the first sentence of Paragraph 231 were dismissed by Order of the Court on April 3, 2024 (Dkt. 56), are now moot, and are denied by Defendants.  The remaining allegations in Paragraph 231 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the remaining allegations in Paragraph 231.

## ENTITLEMENT TO RELIEF

232.    The allegations in Paragraph 232 are legal conclusions to which no response is required or appropriate.  To the extent additional response is required, Defendants deny the allegations in Paragraph 232.

233.    Paragraph 233 contains legal conclusions to which no response is required or appropriate.  To the extent a response is required, Defendants deny the legal conclusions and allegations in Paragraph 233, and specifically deny that Plaintiffs are entitled to any relief whatsoever from Defendants.

## PRAYER FOR RELIEF

Paragraphs A-L contain declarative statements of the relief sought by Plaintiffs, and do not allege any facts and therefore no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief from Defendants. Defendants further deny that certification of any class is appropriate under Rule 23.  Defendants deny any remaining allegations in Paragraphs A-L.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' claims are barred, in whole or in part, because a reasonable and prudent fiduciary in Defendants' positions would have made the same decisions that Defendants made.

2.    Plaintiffs' claims are barred, in whole or in part, for lack of constitutional standing.

3.    Plaintiffs lacked standing to sue under ERISA § 502(a) because they are no longer participants in the Plan.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs have not suffered any loss as a result of the actions or inactions of any Defendant.

6.     Defendants received no benefit as a result of any of the transactions alleged in the Amended Complaint and engaged in no prohibited transactions within the meaning of ERISA § 406, 29 U.S.C. § 1106.

7.     To the extent that Plaintiffs allege transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, such transactions are relieved from the prohibitions of ERISA § 406, 29 U.S.C. § 1106 by the exemptions set forth in ERISA § 408, 29 U.S.C. § 1108, or adopted by the Secretary of Labor pursuant to ERISA § 408, 29 U.S.C. § 1108.

8.     Defendants' conduct has been procedurally, objectively and substantively prudent.

9.     Plaintiffs proximately caused, contributed to, or failed to mitigate any and all losses claimed by them.

10.     Defendants did not profit or benefit as a result of any of the matters alleged in the Amended Complaint.

11.     Any transaction alleged in the Amended Complaint was for adequate consideration within the meaning of ERISA § 3(18)(B).

12.     Defendants have at all times acted in good faith and had reasonable grounds for believing that their actions, if any, did not violate any applicable laws or any duties they may have owed to Plaintiffs or the Plan.

Defendants reserve and assert all affirmative defenses available under applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available. Therefore, Defendants

39

reserve their right to supplement their Answer and to assert additional defenses in the event that discovery indicates that they would be appropriate.

By raising the foregoing defenses, Defendants do not assume any burden of proof that applicable substantive law may place on Plaintiffs.

Respectfully submitted,

Dated: April 17, 2024.

/s/ Eric G. Serron
Joseph M. Downes III (BBO No. 655853)
William S. McMahon (BBO No. 651832)
DOWNES MCMAHON LLP
215 Lewis Wharf
Boston, Massachusetts 02110
Tel: (617) 600-6430
jdownes@dmlawllp.com
wmcmahon@dmlawllp.com

Paul J. Ondrasik, Jr. (*admitted pro hac vice*)
Eric G. Serron (*admitted pro hac vice*)
Andrew J. Sloniewsky (*admitted pro hac vice*)
Caitlin R. Tharp (*admitted pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
T: (202) 429-3000
F: (202) 429-3902
pondrasik@steptoe.com
eserron@steptoe.com
asloniewsky@steptoe.com
ctharp@steptoe.com

*Counsel for New England Biolabs, Inc.; Personal Representative of Donald Comb; James V. Ellard; Richard Ireland; and Committee of New England Biolabs, Inc. Employees' Stock Ownership Plan*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on April 17, 2024.

/s/  *Eric G. Serron*
Eric G. Serron