UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-12208-RGS

MELISSA JACKSON and MARTA MEDA

v.

NEW ENGLAND BIOLABS, INC., PERSONAL REPRESENTATIVE OF
DONALD COMB, JAMES V. ELLARD, RICHARD IRELAND, and the
COMMITTEE OF NEW ENGLAND BIOLABS, INC. EMPLOYEES' STOCK
OWNERSHIP PLAN
Defendants

NEW ENGLAND BIOLABS, INC.
NON-VOTING STOCK OWNERSHIP PLAN
Nominal Defendant

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTIONS FOR
ATTORNEY FEES AND SERVICE AWARDS FOR
CLASS REPRESENTATIVES

August 7, 2025

STEARNS, D.J.

Before the court is plaintiffs Melissa Jackson's and Marta Meda's

motion for attorney's fees, costs, and expenses, as well as payment of service

awards to the two class representatives. For the following reasons, the court

will allow in part and deny in part the motion for attorney's fees and

expenses. It will allow in part and deny in part the motion for service awards.

**BACKGROUND**

Named plaintiffs and class representatives Jackson and Meda filed this class action against defendants New England Biolabs, Inc. (NEB), personal representative of Donald Comb, James V. Ellard, Richard Ireland, and the Committee of New England Biolabs, Inc. Employees' Stock Ownership Plan. Both former employees of NEB, Jackson and Meda participated in the New England Biolabs, Inc. Non-Voting Stock Ownership Plan (the Plan) beginning in 1996 and 1986 respectively. Prior to a 2019 amendment to the Plan, participants, including former employees, were permitted to defer distributions from their accounts until age 65. However, on August 1, 2019, NEB amended the Plan to automatically convert to cash any NEB shares allocated to former employees.

On September 26, 2023, plaintiffs filed a putative class action against NEB, alleging various violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA). Plaintiffs challenged the 2019 amendment and alleged that the method to establish the price paid for NEB stock in the Plan was procedurally and substantively flawed, specifically that the valuations used to set the price paid for NEB stock in the Plan did not reflect the stock's fair market value. *See* Amended Compl. (Dkt. # 31) ¶¶ 104-116. Shortly after the court on April 3, 2024, dismissed the

claims challenging the 2019 amendment and allowed the claims challenging

the valuation to proceed, the parties began mediation. *See* Dkt. # 56; Dkt. #

66. They reached a formal Settlement Agreement in April of 2025. *See* Dkt.

# 88. The court preliminarily approved the settlement agreement on April

21, 2025, and scheduled a Fairness Hearing for August 6, 2025. *See* Dkt. #

94.

## DISCUSSION

### Attorney's Fees

Plaintiffs' counsel seeks an award of attorney's fees equivalent to 25%

of the $7,150,000 settlement fund (approximately $1,787,500),[1] as well as

the reimbursement of $17,445.31 in litigation expenses and $5,356 in

settlement administration expenses. *See* Dkt. # 97-1 at 1; Dkt. # 102 at 2.

Attorneys in a certified class action may be awarded reasonable fees

and costs, subject to the discretion of the trial judge. *See* Fed. R. Civ. P. 23(h).

In common fund cases, the trend has increasingly favored the calculation of

a fee award using the percentage of the fund (POF) method (although the

---

[1] Plaintiffs' counsel calculated a lodestar of $733,407.50. *See* Dkt. #
102 at 2. They expended a total of 897.35 hours (849.80 hours from January
1, 2023 through June 26, 2025 and an additional 47.55 hours from June 27,
2025 to August 3, 2025). *See* Dkt. # 97-1 at 18; Dkt. # 102-1 at 2; Dkt. # 102-
2 at 2. Based on the total lodestar, their request for 25% of the Settlement
Fund represents a lodestar multiplier of 2.44. *See* Dkt. # 102 at 2.

lodestar method remains an option). *See In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995). Under the POF method, the fee award is set at a reasonable percentage of the settlement amount. The First Circuit has not recognized a particular set of factors to assess the reasonableness of a fee request. However, courts in this district have analyzed a variety of factors, including:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections relative to the size of the settlement class; (3) the skill and efficiency of Class Counsel; (4) the complexity and duration of the litigation; (5) the financial risks of nonpayment taken on by Class Counsel; (6) the amount of time devoted to the case by Class Counsel; and (7) the awards in similar cases.

*Ford v. Takeda Pharms. U.S.A., Inc.*, 2023 WL 3679031, at *1 (D. Mass. Mar. 31, 2023). The court recognizes the complexities of this litigation, the substantial benefit in both aggregate amount and on a per class member basis conferred on the members of the plaintiff class, the sophistication of ERISA litigation, the legal uncertainties, and the financial risks that plaintiffs' counsel assumed.

While the court commends plaintiffs' counsel for the favorable result, it does believe it appropriate to adjust the fee request slightly downward. While plaintiffs' counsel "negotiated the ability to use the discovery from the prior" *New England Biolabs, Inc. v. Ralph T. Miller,* 20-cv-11234 case, and

relied on their prior experience in that case to benefit the class, no formal discovery occurred in this case. *See* Dkt. # 61-1 ¶ 5.4; Dkt. # 97-1 at 19. One of plaintiffs' claims challenging the validity of the 2019 amendment's alteration of the right of former employees to remain in the ESOP (which this court dismissed) was substantially identical to the claim they had pursued in the *Miller* litigation. *See New England Biolabs, Inc. v. Miller*, 2021 WL 11702966, at *3-4 (D. Mass. May 26, 2021). Shortly after the court on April 3, 2024, dismissed that claim challenging the 2019 amendment and allowed some of the claims challenging the valuation to proceed, the parties on May 10, 2024 agreed to pursue mediation. *See* Dkt. # 66.

The court will award a fee of 20% of the settlement fund as a reasonable percentage, translating into an award of $1,430,000. The deduction in the fee is by no means intended to signal any dissatisfaction on the part of the court with the attorneys' efforts to bring the case to a prompt and just conclusion. The court is modestly adjusting the fee so that the 20% of fund award better fits the effort expended in litigating the case – a conclusion that the lodestar calculation inferentially supports. Courts within this district recognize that an award of 20% to 30% of the common fund in fees is reasonable and have awarded comparable amounts. *See Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 349-350 (D. Mass. 2015), *aff'd*, 809 F.3d 78

(1st Cir. 2015); *Arkansas Tchr. Ret. Sys. v. State St. Bank & Tr. Co.*, 512 F. Supp. 3d 196, 258 (D. Mass. 2020) (awarding attorney's fees of 20% of the common fund in ERISA class action); *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 630 F. Supp. 3d 241, 248 (D. Mass. 2022) (adjusting significantly downward attorney's fees request for 27.5% of the settlement fund to 20% partly because the litigation was a successor of a civil settlement and criminal plea agreement).

**Expenses**

"[L]awyers whose efforts succeed in creating a common fund for the benefit of a class are entitled not only to reasonable fees, but also to recover from the fund, as a general matter, expenses, reasonable in amount, that were necessary to bring the action to a climax." *In re Fid./Micron Sec. Litig.*, 167 F.3d 735, 737 (1st Cir. 1999).  Lawyers do not, however, have "carte blanche to spend freely and expect that reimbursement automatically will follow." *Id.* "Administration of the rule is subject to the trial court's informed discretion." *Id.*

Plaintiffs' counsel seeks reimbursement of $17,445.31 in expenses, which includes filing fees, postage costs, copying charges, process server fees, PACER costs, maintenance costs for electronic databases for e-discovery, expenses for travel to mediation and the final approval hearing, and payment

to the mediator, Robert Meyer.  *See* Dkt. # 102 at 2; Dkt. # 97-1 at 27; Barton

Decl. (Dkt. # 97-2) ¶ 20; Feigenbaum Decl. (Dkt. # 97-4) ¶ 20; Suppl. Barton

Decl. (Dkt. # 102-1) ¶ 7; Suppl. Feigenbaum Decl. (Dkt. # 102-2) ¶¶ 7, 9.  The

court finds the expenses to be reasonable and will award the full requested

amount.

## Settlement Administration Fees

Plaintiffs' counsel also seeks approval of $5,356 for expenses related to

the services of Analytics Consulting LLC, the Settlement Administrator.  It

includes costs related to distribution of the class notice and maintenance of

a settlement website.  *See* Dkt. # 97-1 at 28.  As these expenses were directly

incurred in support of the class claim, the court accordingly will award the

$5,356 requested for settlement administration fees.

## Class Representative Service Awards

Class representatives Jackson and Meda seek service award payments

of $20,000 each.  *See* Dkt. # 98 at 1.  Incentive payments "remove an

impediment to bringing meritorious class actions and fit snugly into the

requirement of Rule 23(e)(2)(D) that the settlement 'treats class members

equitably relative to each other.'"  *Murray v. Grocery Delivery E-Servs. USA*

*Inc.*, 55 F.4th 340, 353 (1st Cir. 2022).  "Incentive awards serve to promote

class action settlements by encouraging named plaintiffs to participate

actively in the litigation in exchange for reimbursement for their pursuits on behalf of the class overall." *Bezdek*, 79 F. Supp. 3d at 350. In examining the reasonableness of a requested incentive award, courts consider: (1) the steps these individuals have taken to protect the interests of the class; (2) the degree to which the class has benefited from those actions; (3) the amount of time and effort they have expended in pursuing the litigation; and (4) any negative effects that they have risked. *See Lauture v. A.C. Moore Arts & Crafts, Inc.*, 2017 WL 6460244, at *3 (D. Mass. June 8, 2017).

Jackson and Meda's efforts have benefited the class and resulted in a $7,150,000 settlement, with what will be, now over counsel's estimates, an average gross recovery of over $89,000 per class member. *See* Dkt. # 97-1 at 9. Both former employees of NEB, they undertook risks by representing the class and bringing suit against NEB.[2] Moreover, they devoted time and effort to representing the class, including participating in mediation sessions and settlement discussions. *See* Jackson Decl. (Dkt. # 99-1) ¶¶ 6-14; Meda Decl. (Dkt. # 99-2) ¶¶ 6-14. However, they did not sit for any depositions or

_____

[2] Meda allegedly received communications from prior NEB employees attacking her because she was a plaintiff in this case. *See* Meda Decl. ¶ 20. She avers that her real estate business suffered significantly after she joined this lawsuit. *See id.* Prior to the lawsuit, former NEB employees had hired her to broker real estate transactions in the Naples, Florida region, but these opportunities ended after she served as a plaintiff in this suit. *See id.*

participate in any formal discovery. *See* Dkt. # 99 at 8. The court finds that an award of $15,000 each is reasonable and more in line with awards that other courts within the First Circuit have granted. *See e.g., Mann & Co., PC v. C-Tech Indus., Inc.*, 2010 WL 457572, at *2 (D. Mass. Feb. 5, 2010) (awarding an incentive fee of $15,000 to the class representative, despite minimal deposition activity); *Glynn v. Maine Oxy-Acetylene Supply Co.*, 2022 WL 17617138, at *7 (D. Me. Dec. 13, 2022) (awarding $7,500 incentive fees to three class representatives, for a total of $30,000); *Lauture v. A.C. Moore Arts & Crafts, Inc.*, 2017 WL 6460244, at *3 (D. Mass. June 8, 2017) (approving $15,000 incentive awards to named plaintiffs who assisted plaintiffs' counsel throughout the lawsuit).

## ORDER

For the forgoing reasons, the motion for attorney's fees and expenses is <u>ALLOWED</u> in part and <u>DENIED</u> in part. The court will award $1,430,000 in attorney fees, $17,445.31 in expenses, and $5,356 in settlement administration fees. The motion for class service awards is <u>ALLOWED</u> in part and <u>DENIED</u> in part. The court will award Jackson and Meda class service awards of $15,000 each.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE