# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MELISSA JACKSON and MARTA MEDA,

    *Plaintiffs,*

    v.

NEW ENGLAND BIOLABS, INC.;
PERSONAL REPRESENTATIVE OF
DONALD COMB; JAMES V. ELLARD;
RICHARD IRELAND; COMMITTEE OF
NEW ENGLAND BIOLABS, INC.
EMPLOYEES' STOCK OWNERSHIP PLAN,

    *Defendants,*

*and*

NEW ENGLAND BIOLABS, INC. NON-
VOTING STOCK OWNERSHIP PLAN,

    *Nominal Defendant*

Civil Action No. 1:23-cv-12208-RGS

**ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT**

This case came before the Court on Plaintiffs Melissa Jackson and Marta Meda's

Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 100). Based upon

the Court's review of the motion and the memorandum submitted in support thereof, the Court

**GRANTS** the Motion for Final Approval, finally certify the Class, finally approve the

Settlement, and find as

follows:

1.      **Class Certification.** The Class[1] as defined by the Court's Order dated April 21,

2025 (ECF No. 94) (the "Preliminary Approval Order") is finally certified for settlement

purposes under Rule 23(a) and Rule 23(b)(1) and (b)(2) as follows:

> All participants in the New England BioLabs Non-Voting Stock Ownership Plan
> whose NEB stock in their Plan account was liquidated (in whole or in part) between
> September 29, 2017 and December 31, 2021 – including all participants to whom
> NEB shares were distributed in kind (i.e. in the form of physical share certificates)
> between September 29, 2017 and September 30, 2019 and which were subsequently
> repurchased by NEB or the Plan before December 31, 2020 – and the beneficiaries
> of such participants, except the Excluded Persons.

> "Excluded Persons" means the following persons who are excluded from the Class:
> (a) Defendants, (b) officers and directors of New England Biolabs, Inc., (c) any
> fiduciaries of the Plan at any time during September 2017 and December 30, 2021,
> (d) the beneficiaries of such persons or (e) the immediate family members of any
> of the foregoing, (f) any participant who previously settled claims alleged in the
> Amended Complaint, and (g) the legal representatives, successors, and assigns of
> any such excluded persons.

2.      **Appointment of Class Counsel.** Pursuant to Rules 23(a)(4) and 23(g), the Court

confirms its prior appointment of Melissa Jackson and Marta Meda as representatives of the

Class and its prior appointment of R. Joseph Barton (of The Barton Firm LLP) and Jonathan

Feigenbaum as Co-Lead Class Counsel.

3.      **Class Notice.** The distribution of the Notice of Class Action Settlement was in

accordance with the terms of the Settlement and the Preliminary Approval Order. ECF No. 96-1

¶ 7. The distribution of the Class notice also (a) constituted the best practicable notice to

members of the Class under the circumstances of this action, (b) was reasonably calculated to

apprise members of the Class of the pendency of this action, their right to object to any aspect of

the proposed Settlement (including the fairness, reasonableness, or adequacy of the Class's

---

[1] Except as otherwise defined herein, capitalized terms have the meanings afforded them by the
Settlement Agreement (ECF No. 88-3).

representation by Class Counsel or their requested award of attorneys' fees and expenses or the

Plan of Allocation), their right to appear at the Final Approval Hearing, and the binding effect of

the orders and final judgment as to all claims against Defendants in this action, whether

favorable or unfavorable, on all members of the Class, (c) was reasonable and constituted due,

adequate, and sufficient notice to all persons entitled to be provided with notice, and (d) fully

satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)(2) and

(e)), the United States Constitution, and any other applicable law).

4.      **Class Action Fairness Act Notice.** Based on the submission by Defendants,

Defendants have caused to be served a notice of the proposed Settlement on appropriate state and

federal officials in accordance with the requirements under the Class Action Fairness Act, 28

U.S.C § 1715(b), and have satisfied their obligations thereunder.

5.      **Rule 23 Approval Factors.** Each of the factors specified by Rule 23(e)(2) favors

final approval.

      a.      **Adequacy of Class Representatives.** Jackson and Meda fulfilled their

duties to the Class by reviewing the pleadings, communicating regularly

with Class Counsel, participating in the mediation and post-mediation

settlement discussions, and reviewing the proposed Settlement

Agreement. ECF No. 87-1 at II.D.1. This factor favors final approval.

      b.      **Adequacy of Class Counsel.** The Court previously found Class Counsel

have extensive experience litigating ERISA class actions. Preliminary

Approval Order ¶ 2(d). Additionally, Class Counsel had sufficient

information on which to base a settlement, including the necessary data,

documents and understanding of the claims and defenses. As such, Class

Counsel have adequately represented the Class. This factor favors final approval.

c.   **Arm's Length Negotiation.** The Court previously found that the Settlement was the result of arms-length negotiations by well-informed and experienced counsel who were aided by a neutral mediator, Robert Meyer with significant experience mediating complex ERISA class actions . Preliminary Approval Order at ¶ 11. The Court reaffirms this finding. This factor favors final approval.

d.   **Relief to the Class.** The Settlement provides substantial relief to the Class. Class Counsel calculates that the $7,150,000.00 in monetary relief provided by the Settlement amounts to approximately 41.8% of the maximum amount of losses that Class members could potentially recover at trial (less only court-approved expenses with attorneys' fees to be decided separately). Preliminary Approval Order at ¶ 12. The Court previously held that this represented "an excellent result compared to other ERISA class settlements approved by other courts of this Circuit." *Id.* (citing among others *Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 241 (D.R.I. 2012) (approving settlement equivalent to 40% of maximum possible recovery); *Hochstadt v. Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 109 (D. Mass. 2010) (approving 27% recovery in employer stock case as "plainly reasonable"); *Toomey v. Demoulas Super Markets, Inc.*, No. 1:19-cv-11633, Dkt. 95 at 10 (Mar. 24, 2021), approved Dkt. 100 (D. Mass. Apr. 7, 2021) (approving settlement that represented approximately

4

15–20% of alleged losses); *Price v. Eaton Vance Corp.,* No. 18-12098, Dkt. 32 at 12 (May 6, 2019), approved Dkt. 57 (D. Mass. Sept. 24, 2019) (23% alleged losses). "The average gross recovery of more than $89,000 per class member in this Settlement dwarfs the amount recovered by many other approved ERISA class action settlements." *Id.* (citing cases). The Court reaffirms this finding. This factor thus favors final approval.

e.    **Equitable Treatment of Class Members.** The Settlement itself does not distinguish between Class Members, and as the Court has previously held no "Class Member or group of Class Members will receive unduly favorable treatment under the terms of the Settlement Agreement." Preliminary Approval Order at ¶ 13. The allocation of the Net Settlement Fund is to be according to a court-approved Plan of Allocation proposed by Class Counsel, addressed below. *Infra* ¶ 6. This factor favors final approval.

6.    **Plan of Allocation.** A plan for allocating settlement proceeds, like the settlement itself, should be approved if it is fair, reasonable and adequate. *Miller,* 2022 WL 20583575 (citing *Hill v. State St. Corp.,* CIV.A. 09-12146-GAO, 2015 WL 127728, at *11 (D. Mass. Jan. 8, 2015) (citing cases)). A plan of allocation is fair and reasonable as long as it has a "reasonable, rational basis. *Id.* In determining whether a plan of allocation is fair and reasonable, courts give great weight to the opinion of experienced counsel. *Id.* "An approach [that] ties each class member's portion of the settlement amount to the number of shares the class member owned and the price of the stock at time of sale" is "grounded in a reasonable and rational basis, and is fair to the members of the class." *Id.* (approving allocation plan as reasonable and equitable); *Medoff*

*v. CVS Caremark Corp.*, 09-CV-554-JNL, 2016 WL 632238, at *7 (D.R.I. Feb. 17, 2016) (approving allocation).

a.    As previously explained, a plan of allocation "need not necessarily treat all class members equally." But may allocate funds based on the extent of class members' injuries and "consider the relative strength and values of different categories of claims." Preliminary Approval Order at ¶ 21 (citing *Hill v. State Street Corp.*, 2015 WL 127728, at *11 (D. Mass. 2015)). A plan of allocation is appropriate where it is based on the difference between the values of the stock, but also includes a enhancement for certain claims based on Class Counsel's assessment of the strength of those claims. *Id* (citing *Hill.*, 2015 WL 127728, at *11 (applying a 15% enhancement for certain claims) and *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 2011 WL 1398485, at *6 (D. Me. 2011) (approving a plan of allocation that differentiated among class members by weighting their recoveries according to the month and year they purchased, as well as the make and model of the vehicle purchased"). In an ERISA case involving similar claims challenging the valuation of employer stock liquidated from their Plan accounts and also challenging an amendment that forced the liquidation of the stock in their plan accounts, the court approved a plan of allocation that proposed to allocate the funds *pro rata* basis according to the number of [shares of employer stock] previously held by the Class Member," but providing additional amount for members of the Class to account "for the additional claim[s]"

6

by those class members relating to the "right to continue holding

[employer] stock until[a certain]age." *Cunningham v. Wawa, Inc.*, 2021

WL 1626482, at *6 (E.D. Pa. 2021).

b.      Here, the Plan of Allocation proposes that the Settlement Fund will be

divided among Plan participants on a *pro rata* basis based on their losses

and includes an additional amount for class members who were liquidated

pursuant to the 2019 Amendment. This plan of allocation is substantially

similar to the one approved in *Wawa.* A participant Class Member's share

of the Net Settlement Amount depends on the losses suffered by that

participant as a share of the losses suffered by all Class Members. Such a plan

of allocation is reasonable and equitable.

7.    **Release by Plaintiffs and Class.** Plaintiffs and the Class Members (including their heirs, executors, administrators, successors, and assigns), solely in their capacity as participants in the Plan or as beneficiaries of Class Members who are participants in the Plan, fully and finally release the Defendants, the Plan, and all fiduciaries of the Plan themselves and each of them and as applicable depending on whether such releasee is an individual or an entity, their past, present and future officers, directors, shareholders, members, affiliates, independent contractors, agents, insurers, insurance administrators, employees, attorneys, fiduciaries, trustees, heirs, administrators, executors, devisees, conservators, representatives, parents, subsidiaries, predecessors-in-interest, successors-in-interest, trusts, spouses, and assigns, from any and all claims, or causes of action, whether in law or in equity, whether known or unknown, whether fixed or contingent, that Plaintiffs or the Class Members have that are asserted in the Amended Complaint, or are based on or arise out of the same factual predicate alleged in the Amended Complaint, including any and all claims concerning or relating to the liquidation or repurchase by NEB or the Plan, of NEB stock in or from Class Members' account in the Plan, at any time from September 29, 2017 through September 30, 2021 (including NEB shares that were distributed in kind (i.e. in the form of physical share certificates) between September 29, 2017 and September 30, 2019 and which were subsequently repurchased by NEB or the Plan before

December 31, 2020), at prices based on valuations of NEB stock in the Plan as of September 30, 2016, September 30, 2017, September 30, 2018, September 30, 2019 or September 30, 2020 (the "Released Class Claims"). Plaintiffs and the Class further covenant not to sue any of the persons or entities released herein for the Released Class Claims. The Released Class Claims do not include claims concerning or relating to (i) the liquidation or repurchase by NEB or the Plan, of NEB stock held by or distributed from the Plan, at prices that were based on valuations of NEB stock before September 30, 2016 or after September 30, 2021, or (ii) the repurchase by the Plan on or after December 31, 2020 of NEB shares that were distributed in kind (i.e., the form of physical share certificates) after September 30, 2019.

8.    **Release by Defendants.** Defendants fully and finally release Plaintiffs, each Class Member, Plaintiffs' Counsel (and any of its attorneys) and Class Counsel from any and all claims or causes of action, whether in law or in equity, whether known or unknown, that Defendants have or have had against Plaintiffs, each Class Member, Plaintiffs' Counsel (and any attorneys of those firms) or Class Counsel (a) related to the correctness of the amount in any of the Class Member's Plan accounts (as reflected in the data provided by Defendants) or (b) any claims, including for attorneys' fees, costs, expenses, sanctions, that relate to the filing, commencement, prosecution, or settlement of this Action as to the Class Claims.

9.    **Dismissal.** The Court hereby dismisses this Action with prejudice. Nothing in this Order or in the Final judgment entered in connection with this Order shall preclude any action to enforce the Settlement Agreement or any other claims not released by the Settlement Agreement.

10.    **Entry of Judgment.** There is no just reason to delay entry of this Order and Final Judgment, and immediate entry by the Clerk of Court is directed pursuant to Rule 54 of the Federal Rules of Civil Procedure.

11.    **Continuing Jurisdiction.** The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without affecting the finality of this Order and Final Judgment in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) implementation of this Settlement Agreement; (b) disposition of the Settlement Fund and distributions from the Settlement Fund; and (c) enforcement and administration of this Settlement Agreement, including the release provisions thereof.

It is so ORDERED this **7th** day of **Aug**, 2025.

Hon. Richard G. Stearns
United States District Judge